*885 OPINION.
James :
The taxpayer, in appealing from the determination of the Commissioner, claims that the value fixed upon the stock is in error in the following particulars and for the reasons:
1. That the Commissioner gave consideration to the prospects of the business and to earnings subsequent to the death of the decedent;
2. That no special consideration was given by the Commissioner to the alleged fact that the business of the L. Fish Furniture Co. was extra-hazardous, particularly with reference to the collection of accounts; and
3. That the Commissioner erred in not considering earnings for a full five-year period prior to the death of the decedent, in determining the value of the stock in question as of the date of his death.
The stock of the corporation here in question was closely held, and we therefore are not able to value it upon the basis of sales in an open market. We place, our valuation upon the basis of the assets underlying the capital stock and the earnings of the corporation. The taxpayer and the Commissioner have also submitted, as having evi-dentiary value, the assets, earnings, and stock quotations of a competitor of the L. Fish Furniture Co., as indicating the relations between book value and. market value of stock.
An examination of the statements covering The Hartman Corporation in comparison with those of the L. Fish Furniture Co., introduced in evidence, is conclusive of the small amount of weight to be attached to comparative statements of this character, particularly when the purpose is to show some relationship between book values and market values of stock, and it is attempted to be argued that the relationship presumably existing in the one should be applied to the other.
An examination of the stock quotations of The Hartman Corporation shows a range from the lowest quotation in 1917 of 31% to the highest in 1920 of 108. The range in 1922, when the decedent died, was from 81 to 103. The book value of assets per share, excluding good will, ranged in The Hartman Corporation from 1917 to 1922, from $73.90 to $100.58. In 1917, 1919, 1920, and 1922, the high sales prices were in excess of the book value as of the close of thora years. From this, it might be argued that stock in the L. Fish Furniture Co. should be valued at a percentage over the book value measured by the excess of the high sales prices of The Hartman Corporation stock, over book value in the respective years. It is argowi by the taxpayer that the book value should be discounted on the basis of the low market prices compared *886 with book values, or perhaps upon some basis of averages. Such computations are too speculative to form the basis for the levying and collecting of taxes.
Passing to the more material evidence in the appeal, it appears from the balance sheets submitted that the net worth of the corporation on December 31,1921, preceding the death of the decedent, after adjustment on account of the value of real estate, was $2,‘742,850.05, being $187.14 per share. It further appears that the total net earnings for 71 months, to and including December, 1922, were $1,565,-247.70, after deduction of taxes, or at the rate- of $264,587.66 per year. It further appears that there were included in the assets of the corporation as of December 31, 1921, real estate of the value of $510,000 and securities of the value of $414,508.04. If a 5 per cent return were allowed upon these assets, amo'unting to $46,225.40, and the average earnings per year based upon the 71 months above mentioned, less the above return upon real estate and securities, or $218,-362.26 were capitalized at 15 per cent, the value of the going business, real estate, and securities would be as follows:
1. The average net earnings_ $264, 587. 66
2. Five per cent return on real estate and securities_ 46,225. 40
3. The balance to be capitalized at 15 per cent_ 218,362.26
4. The above figure capitalized at 15 per cent_ 1,455, 748. 40
5. The value of real estate and securities to be added to the capitalized value of the business_ 924, 508.04
6. The total value of the assets and going business as of Dec. 31, 1921, based upon the earnings for 71 months_ 2, 380,256. 44 or a value of $119.01 per share.
If the above method were applied solely to the year 1921, during which year the corporation earned in 11 months $350,787.91, the earnings for the year, by adding one-eleventh, would be $382,677.72. Taking the above return upon real estate and securities at 5 per cent, the amount available is capitalized at 15 per cent, or $336,-452.32. The capitalized value of the going business, less real estate and securities, upon this basis is $2,243,015.47, and adding the real estate and securities to the total value of the corporation gives the sum of $3,167,523.51, or $158.38 per share.
The report of the examining revenue agent was introduced in part in evidence by the taxpayer and in whole by the Commissioner. It appears from that report that the agent made a definite recommendation as to the value to be placed upon the stock here in question, after a thorough and careful examination of all the elements of value on the ground. His recommendation is summarized as follows:
The percentage of net earnings to invested capital, over a period of six years, was 13.3; which capitalized at 10%, would justify a valuation of $133 per share. A capitalization of net earnings for the four years and eleven months prior to the year of decedent’s death would show a somewhat higher value. It occurs to' me that a liberal concession should be made to the fact that the stock is so closely held, and to the large size of the block under consideration; which facts would surely have a depressing effect upon the value obtainable from a prospective purchaser. Considering all the facts, I am recommending a valuation of $125 per share.
It is the opinion of the Board that the appraisal of the revenue agent, above recommended, is fair and conservative and should be adopted. The Board, therefore, finds that the value of the 4,040 shares of stock of the L. Fish Furniture Co. owned by decedent at *887 the date of his death was $125 per share, or a total of $505,000, which value should be substituted for the value heretofore determined by the Commissioner, and the estate tax due from the estate of Jacob Fish recomputed accordingly.